IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:24CR23 |
| vs. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS |
| BRYCE A. NOLDE, | |
| Defendant. | |

COMES NOW, the Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney, and responds to Bryce A. Nolde's Motion to Dismiss and Brief in Support of said motion. (Filing 104 and 105). Defendant's motion is wholly without merit and should be denied. Defendant's motion is seeking an extreme remedy from this Court for granting the relief that *he* previously and repeatedly sought.

"A defendant has the burden of proof to show that his statutory right to a speedy trial has been violated." *United States v. Williams*, 557 F.3d 943 (8th Cir. 2009). "To meet that burden the defendant must demonstrate that more than 70 non excludable days have passed from the date the clock began to run." *Id.*

"The findings don't need to be made when the district court issues the continuance but must be 'on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).'" *United States v. Boyd*, 138 F.4th 1079 (8th Cir. 2025) (quoting *Zedner v. United States*, 547 U.S. 489, 507 (2006)).

Because of the Defendant's repeated motions to continue and swapping counsel, only 28 days have elapsed:

| Date | Event | Time Elapsed |
|---|---|---|
| February 26, 2024 | Arraignment | |
| March 19, 2024 | *Defendant's* Motion to Extend Pretrial Motions Deadline (Filing 23), which extended Pretrial Motion Deadline to April 17, 2024 and tolled the clock until April 17, 2024 (Filing 24). | 22 days |
| April 9, 2024 | *Defendant's* Motion to Extend Pretrial Motion Deadline (Filing 25), which extended the pretrial motion deadline until June 17, 2024. (Filing 26). | 22 days |
| June 14, 2024 | Government's Motion for a Rule 17.1 Conference (Filing 33), which tolled the clock until June 24, 2024 (Filing 35). | 22 days |
| June 24, 2024 | *Defendant's* Motion to Designate the Matter Complex (Filings 36, 37, 38), which continued the Rule 17.1 Conference to August 27, 2024 and tolled the clock. | 22 days |
| August 26, 2024 | *Defendant's* Motion to Continue the Status Conference (Filing 41), which continued the Rule 17.1 Conference until September 26, 2024, and tolled the clock (Filing 42). | 22 days |
| September 16, 2024 | *Defendant's* Motion to Withdraw (Filing 44), which was granted on September 17, 2024 (Filing 45). | 22 days |
| September 27, 2024 | *Defendant's* Oral Motion to Continue the status conference, which continued the status conference until February 7, 2025 and tolled the clock until February 7, 2025 (Filing 50). | 22 days |
| February 7, 2025 | *Defendant's* Oral Motion to Continue the status conference, which continued the status conference until February 21, 2025 and tolled the clock until February 21, 2025 (Filing 55). | 22 days |
| February 20, 2025 | *Defendant's* Oral Motion to Continue the status conference, which continued the status conference until March 7, 2025 and tolled the clock until March 7, 2025 (Filings 57 and 58). | 22 days |
| March 7, 2025 | *Defendant's* Oral Motion to Continue status conference, which continued the status conference until May 6, 2025 and tolled the clock until May 6, 2025 (Filing 60). | 22 days |
| May 2, 2025 | *Defendant's* Motion to Continue status conference, which continued the status conference until June 12, 2025 and tolled the clock until June 12, 2025 (Filings 62 and 63). | 22 days |
| June 12, 2025 | The Court continues the status conference to June 17, 2025 due to a dispute regarding the review of the Defendant's electronic devices wherein Defendant objected to the government reviewing the electronic devices on the basis of privilege, yet refused to assert specific objections as to privilege (Filing 66). | 22 days |
| June 17, 2025 | *Defendant* waives his right to a speedy trial and the status | 27 days |

2

|  | conference is continued to June 26, 2025 (Filing 68). |  |
|---|---|---|
| June 26, 2025 | *Defendant* waives his right to a speedy trial. The Court reiterates the matter being complex due to the voluminous discovery and sets a status hearing on August 25, 2025 and tolls the clock until August 25, 2025 (Filing 73). | 27 days |
| August 22, 2025 | *Defendant's* Motion to Continue the status conference (Filing 79) and the status conference is continued from August 25 to August 26, 2025 (Filing 80). | 28 days |
| September 2, 2025 | *Defendant* Waives Speedy Trial and clock is tolled from August 26, 2025 to November 4, 2025. (Filing 83) | 28 days |
| October 17, 2025 | *Defendant's* Motion to Continue Trial (Filing 91) which tolls the clock until January 26, 2026 (Filings 102 and 103) | 28 days |

Defendant also laments the Court granting *his* request to designate this matter as complex. Defendant asserts that *his* request was granted "without providing a thorough explanation." Filing 105, p. 2, ¶ f. In making this assertion, Defendant appears to only reference the text entry at Filing 36 and fails to mention, or at least cite, the written order regarding that designation at Filing 37 which granted *his* request. In that Order, the Court makes this designation, again, at *Defendant's* request, on the basis "due to the nature of the prosecution, the existence of novel questions of fact and law, and the amount of discovery." Filing 37. Defendant's premise that because the Indictment was a single count and, therefore, not complex is unavailing. Defendant orchestrated a complicated scheme in which he solicited business from over 20 customers and made fraudulent representations that he was going to construct them homes and then redirected their funds and failed to complete construction. At the hearing the parties and the Court discussed the nature of the evidence, specifically, the other customers and whether that's part of the scheme or Fed. R. Evid. 404 evidence (Defendant's prior counsel used the term "pattern evidence") prior to the Court granting the *Defendant's* request to designate the matter as complex. *See* Filing 38 (Audio). The Magistrate Judge made this designation based on *Defendant's* request and representation that the matter was complex and even expressly noted

3

that he was relying upon the representation. Filing 37. Lastly, the Court inquired with the Defendant about this designation and the speedy trial implications and he agreed to the designation and tolling. Filing 38 (29:20-46).

Even if, the Court were to find that it failed to satisfy the statutory findings, a dismissal with prejudice would be inappropriate. The Magistrate Judges who have overseen the progression of this matter, which has involved Defendant repeatedly firing counsel, have been nothing short of the consummate professionals as all would expect and they have taken great care to ensure the protection of Defendant's rights while balancing those against the public's interest in an expedient resolution to this matter. It is disingenuous at best for Defendant to now cast aspersions about their handling of the case and granting the continuances that *he* requested. It is insincere for Defendant to now claim a lack of understanding of *his* prior requests or the implications of his actions after the numerous delays to the resolution of this case that are solely attributable to *him*. The Speedy Trial Act is a shield for a defendant, not a sword that he may attempt to wield to manipulate and obfuscate the judicial process, which is what he is presently doing in this spurious motion. It would be inappropriate to deny the public and the victims, the opportunity to hold the Defendant accountable for his crimes.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests Defendant's Motion to Dismiss be denied.

DATED this 28th day of October, 2025.

>Respectfully submitted;
>
>LESLEY A. WOODS
>United States Attorney
>District of Nebraska

4

By:   <u>s/ Sean P. Lynch</u>
SEAN P. LYNCH, #25275
Assistant U.S. Attorney
1620 Dodge Street, Ste. 1400
Omaha, Nebraska 68102
Tel: (402) 661-3700
Fax: (402) 661-3084
E-mail: sean.lynch@usdoj.gov

CERTIFICATE OF SERVICE

     I hereby certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants: None.

<u>s/ Sean P. Lynch</u>
Assistant U.S. Attorney

5