IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRYCE A. NOLDE,<br><br>    Defendant. | 8:24CR23<br><br>**ORDER** |

  This matter comes before the Court on Defendant's Motion to Extend Pretrial Motion Deadline, (Filing No. 118). The matter was addressed in a telephonic hearing on November 6, 2025, with Assistant United States Attorney Donald Klein appearing for the government and attorney Mark Rater appearing for Defendant. The motion is unopposed by the government.  For good cause shown, the Court finds the motion should be granted in part and denied in part as follows:

  The indictment in this matter was filed on February 20, 2024, and the pretrial motion deadline extended at least twice before the court deemed the matter complex at Defendant's request on June 24, 2024, pursuant to 18 U.S.C. §3161(h)(7)(B)(ii). (Filing No. 37). The matter was then removed from normal case progression and subsequent status conferences set, many of which were continued, again at Defendant's request. Defendant recently retained new counsel and his motion to continue the trial date and to extend pre-trial motions was granted by United States District Judge Brian Buescher. (Filing No. 103), with a new trial date set for January 26, 2026, with pre-trial motions to be filed on or before November 5, 2025. Defendant has since filed six new pretrial Motions to Dismiss currently pending with the district court. (Filing No. 104, 112, 120, 122, 124, and 126).

  Defendant now seeks an additional two-week extension of the pre-trial motion deadline, claiming the government just recently disclosed new information. In particular, defense counsel received on November 5, 2025, tape recordings made by a bank customer discussing various loans that may be at issue in this matter and recorded sometime between November 2023 and March 2024. Defense counsel is in the process of reviewing those recordings to determine if additional pretrial motions may be warranted. It still remains unclear to this court as to whether the information was previously subject to Fed. R. Crim. P. 16 and the government's disclosure obligations and if so, why it was not disclosed earlier. For these reasons, the court finds good cause to grant an additional brief extension, but any extension will be limited.

IT IS ORDERED:

1. Defendant's Motion to Extend Pretrial Motion Deadline, (Filing No. 118), is granted in part and denied in part.

2. The deadline to file pretrial motions arising only out of the discovery disclosed by the government to defense counsel on November 5, 2025 and as described herein, shall be extended fourteen (14) days, to be filed by November 19, 2025.

3. The deadline to file any other pretrial motions not related to or arising out of that discovery is now expired and the request to extend further is denied.

4. In accordance with 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice will be served by granting this motion and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between November 5, 2025 and November 19, 2025, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. Failure to grant this motion would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and the novelty and complexity of the case. The failure to grant this motion might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 6th day of November, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge