IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRYCE A. NOLDE,<br>　　　　　　Defendant. | 8:24-CR-23<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO COMPEL DISCLOSURE AND GOVERNMENT'S MOTION TO STRIKE |

　　　　This matter is before the Court with respect to defendant Bryce A. Nolde's Motion to Compel Disclosure and For In Camera Review [Regarding] Electronic Communications. Filing 172. The defendant filed a brief in support of his motion. Filing 173. The Government has responded to the motion, Filing 176, and the defendant has filed a reply brief, Filing 178. The Government has also filed a Motion to Strike Defendant's Reply Brief, Filing 180, and a brief in support of that motion, Filing 181. For the reasons below, the defendant's motion is denied and the Government's motion is granted.

## I.　BACKGROUND

　　　　The defendant has been charged with three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343 related to his alleged conduct as the president and registered agent of BV Builders, LLC (BV Builders), a Nebraska-based construction company specializing in the construction of "barndominiums" and "shouses." Filing 98. Trial is set for January 26, 2026. Less than one week before the start of trial and more than ten weeks after the

1

pretrial motion deadline expired,[1] the defendant filed a Motion to Compel Disclosure and For In Camera Review [Regarding] Electronic Communications raising two discovery issues: "(1) the government's handling and disclosure of Defendant's Google Workspace business email account after issuing a preservation request, and (2) the appearance in government-produced discovery of text messages dated after Defendant's electronic devices were returned to him, without disclosure of the source or legal authority under which those communications were obtained." Filing 172; Filing 173 at 1. The defendant frames these issues as violations of Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). The defendant's motion also includes a claim that the defendant is "unable to open" documents provided by the FBI "via Cellebrite." Filing 172 at 3. Significantly, the defendant states that he is "not requesting continuance of trial," Filing 173 at 6, and he is not requesting "sanctions, suppression, or dispositive relief at this stage," Filing 173 at 1. Instead, he "seeks disclosure and clarification only." Filing 173 at 1.

As ordered by the Court, the Government filed a timely response to the Defendant's motion. Filing 176. The defendant then filed a reply brief that includes six exhibits. Filing 178; Filing 178-2; Filing 178-3; Filing 178-4; Filing 178-5; Filing 178-6; Filing 178-7. The Government subsequently filed a Motion to Strike Defendant's Reply Brief, Filing 180, and a brief in support of its motion, Filing 181.

---

[1] After the defendant retained new counsel on October 16, 2025, he requested an extension of the pretrial motion deadline. *See* Filing 88; Filing 91. The Court granted the extension and set a pretrial motion deadline of November 5, 2025. Filing 103. The Court further extended the deadline on a limited basis, ruling that the defendant had until November 19, 2025, to file any pretrial motions related to specific discovery that the Government had recently disclosed. Filing 131.

## II.  ANALYSIS

### A.  The Defendant's Motion to Compel Disclosure

The Court begins with the defendant's Motion to Compel Disclosure and For In Camera Review [Regarding] Electronic Communications. Filing 172. This motion was filed well after the pretrial motion deadline and the deadlines and extensions provided by this Court to file motions relating to discovery. Filing 103; Filing 131. The motion also fails to comply with the Court's local rule governing the form of discovery motions and motions to compel disclosure of evidence. *See* NECrimR 12.3(b)(3). For these reasons alone, the defendant's motion is denied. However, the Court will also deny the defendant's motion on the alternative ground that it is meritless, and the Court will therefore deny the defendant's request for an in camera review.

*1.  The First "Discovery Issue"*

The Court turns to the first "discovery issue" identified by the defendant. The defendant explains that at the time of his arrest in February 2024, the Government executed a search warrant and seized his electronic devices. Shortly thereafter, the Government extracted data from the defendant's devices, and that data extraction yielded less than 100 emails from the defendant's primary mail account, Bryce@BVBuilders.us. The defendant states that the Government extracted approximately 2,000 total emails from his devices "and 90% of the emails are personal emails." Filing 172 at 2. The defendant claims that the Government "should have known that there should have been more emails," and he specifically points to a "preservation request" that the Government issued to Google in December of 2023 as evidence of the Government's "recognition that Defendant's business email communications were relevant to its investigation." Filing 172 at 2; Filing 173 at 2. Although the defendant states that attorneys for the Government have already "confirmed there were no more emails," he wants the Court to order the Government to further

3

confirm "that it did not otherwise obtain the emails pursuant to the preservation request." Filing 172 at 2; Filing 173 at 4. He also asks the Court to order the Government to "turnover the documents or give written certification of the chain of custody." Filing 172 at 3.

In response, the Government acknowledges that it sent a preservation letter to Google in December 2023, but it counters that "just because a preservation letter was sent does not mean the government later sought to obtain the records with a search warrant." Filing 176 at 2. The Government explains that "[a] search warrant for those records was not sought and so the government does not have a production from Google of any emails Google may have preserved in response" to the preservation request. Filing 176 at 2. The Government further represents that it "has already informed the defense of this fact in phone conversations and in email." Filing 176 at 2. Regarding the number of emails from the Bryce@BVBuilders.us address yielded during the Government's data extraction, the Government states that its understanding is "that Nolde lost or damaged his phone, and obtained a new phone, not long before the government executed the search warrant at his residence and seized his devices" and that "is most likely why there were not more emails found in his phone." Filing 176 at 2. Regardless, the Government avers that it "has produced what it has." Filing 176 at 2. In his reply brief, the defendant argues for the first time that "[r]eliance on a partial device extraction while leaving preserved server-side data uncollected does not relieve the Government of its obligations under Rule 16 and *Brady*." Filing 178 at 3. This contention is unsupported, and the defendant's first "discovery issue" is meritless.

The defendant believes the Government should have executed a search warrant on Google because documents and emails held by Google *might* be of some value to the defendant's defense. Neither Rule 16 nor *Brady* obligate the Government to execute search warrants on the defendant's behalf, and the Government certainly is not obligated to "explain the basis for [its] decision not to

4

obtain the data from Google." Filing 173 at 5. *See also United States v. Crump*, No. 20-232(31) (JRT/DTS), 2023 WL 7115001, at *1 (D. Minn. Oct. 27, 2023) (recounting the court's prior denial of the defendant's motion alleging prosecutorial violations of *Brady* and Rule 16 because although the defendant "believed that the prosecution should have . . . executed a separate search warrant" to access her emails, the government "had no obligation to execute search warrants on [the defendant's] behalf; its sole obligation was to turn over exculpatory evidence in its possession"). Rule 16 requires the Government to disclose "any relevant written or recorded statement by the defendant if . . . [the] statement is within the government's possession, custody, or control" and if "the attorney for the government knows—or through due diligence could know—that the statement exists." Fed. R. Crim. P. 16 (a)(1)(B)(i). Similarly, *Brady* imposes upon the Government "an affirmative duty to disclose evidence that is favorable to the accused and material to either guilt or punishment," as long as that evidence is in the Government's possession or the Government is aware of it. *United States v. Heppner*, 519 F.3d 744, 750 (8th Cir. 2008). "[T]he government has no affirmative obligation to discover potentially exculpatory information which it neither possessed nor was aware of." *United States v. Turner*, 104 F.3d 217, 220 (8th Cir. 1997) (internal quotation marks omitted) (quoting *United States v. Hawkins*, 78 F.3d 348, 351 (8th Cir. 1996)). The Government has confirmed multiple times—in statements to the defendant and in statements to the Court—that it has disclosed all of the evidence in its possession. The Court will not order the Government to further certify this fact.

As to the defendant's request that the Court order the Government to "supply [him] with the chain of custody for the electronics seized from [him]," this is an issue that has already been dealt with at length. Filing 173 at 4. As the Court noted in a prior order, when United States Magistrate Judge Ryan C. Carson agreed—at the defendant's request—to order the Government to return the

defendant's remaining electronic devices to him, Judge Carson also ordered the parties to "confer concerning any necessary stipulation on chain of custody or other related issues post haste." Filing 164 at 13; Filing 73 (Text Minute Entry). The purpose of Judge Carson's order was to prevent exactly this issue from arising at trial. Judge Carson reiterated his chain of custody order at a later hearing, Filing 81 (Text Minute Entry), and the Court further reminded the parties of their obligation to confer about any necessary chain of custody stipulations prior to trial in a previous order, Filing 164 at 13. The defendant asked that his electronic devices be returned to him. Judge Carson accommodated the defendant's request. The defendant cannot now raise chain of custody issues in an attempt to "stick it to the Government" while reaping the benefit of the prior decision allowing him to have his devices back.

2.  *The Second "Discovery Issue"*

The second "discovery issue" raised by the defendant is his belief that the Government "was still monitoring accounts of [the defendant]" even after it returned the defendant's cell phone to him in March 2024. Filing 172 at 2. Specifically, the defendant explains that "[i]n discovery produced by the government using Axiom software, Defendant identified communications between him and his spouse and other communications dated into 2025, well after Defendant's phone was returned to him in March 2024." Filing 173 at 2–3. The defendant does not identify the "post-return" communications he takes issue with, but he does note that attorneys for the Government have told him that "no wiretap was obtained in this case." Filing 172 at 2. The defendant asks the Court to order the Government to "certify how and under what authority it is able to continue to monitor the accounts of Nolde almost a year after his indictment." Filing 172 at 3. Without citing any supporting case law or other authority, the defendant asserts that "[t]he Government must disclose the source and authority for post-return text messages in its possession." Filing 173 at 5 (emphasis omitted).

6

He asks the Court to enter an order "requiring the government including the FBI to explain about the wiretap document and provide an[y] supporting affidavits to obtain the wiretap and the duration of the wiretap," along with the "legal authority for the wiretap." Filing 172 at 3. The Government's response is that no wiretap was obtained in this case and the defendant "has not provided any examples of such communications, and the government does not know what he is referring to." Filing 176 at 3.

The defendant's request for an order requiring the Government to "explain about the wiretap" is denied. The Government has confirmed multiple times—in statements to the defendant and in statements to the Court—that there was no wiretap in this case. The defendant's request for an order requiring the Government "to certify how and under what authority it is able to continue to monitor the accounts of Nolde almost a year after his indictment" is also denied. The Defendant has provided no authority in support of this request and he has not identified the "post-return" communications he takes issue with. Furthermore, the Government's handling of the defendant's electronic devices has been discussed, debated, clarified, and disclosed on many occasions throughout the life of this case. In a prior order, the Court outlined in significant detail the procedural history of the Government's "filter review" of the defendant's nine electronic devices. *See* Filing 164. Judge Carson devoted many months and multiple conferences to hearing and addressing the parties' concerns with the filter review process and ensuring a solution that both parties agreed to. Although these discussions occurred while the defendant was represented by a different attorney, the defendant's current counsel cannot pretend they did not occur or that they do not apply to his present representation of the defendant.

As the Court explains below, it is striking the defendant's reply brief for its violations of the Court's deadlines and trial orders. However, even if the Court were to consider the defendant's

7

arguments and exhibits in his reply brief, the Court would still deny the defendant's requests related to this second "discovery issue."

The defendant's reply brief identifies for the first time the "post-return text messages" that the Government allegedly had access to after it completed the data extraction of some of the defendant's electronic devices. See Filing 178-3. While this allegation certainly could have been investigated if the defense had raised it at some point during the months or years the defendant has had this discovery—or even at some point in the month or two after the defendant's new counsel made his appearance in this case in October 2025 and received access to those documents—it is too late to bring this up now. This Court's prior orders required this to be addressed long ago. Further, none of the "post-return" documents appear on the Government's exhibit list, there is no credible allegation the Government will use such data at the trial, and any claim that the Government inappropriately peeked at anything is nothing more than speculation. See Filing 169.

In the Court's experience it is rare that discovery extractions and productions go perfectly in any criminal case. Indeed, the authenticity of extracted communications may be challenged at trial, and issues with the extraction might be brought up on cross examination of the individual who extracted the devices. However, just because something may have gone wrong, such as some additional emails somehow getting downloaded that should not have been, does not mean this materially impacts the constitutional rights of the defendant. See *United States v. Ward*, 140 F.4th 945, 953 n.9 (8th Cir. 2025) (explaining that an error in "administrating the discovery rules is reversible only if the error is shown to prejudice the substantial rights of the defendant"). Nor does it mean the Court is required to look into such claims at the eleventh hour before a trial. The defendant had his chance to investigate this but missed it. The defendant falls far short of convincing the Court the remedies he seeks here are appropriate at this late hour.

*3. Viewing the Discovery*

Finally, the defendant claims that he is unable to open documents that have been provided to him by the FBI "via Cellebrite." Filing 172 at 3. He states that he was "provided a new Cellebrite link," but that "[s]ome of the documents recovered from [his] devices are still not able to be viewed." Filing 172 at 3. The defendant asks the Court to order the Government "to provide a proper viewer to access any remaining records." Filing 172 at 3. He does not elaborate on his apparent issues to view produced documents in his supporting brief. In response, the Government explains that "[w]henever data is extracted from phones, some files may not be viewable for a variety of reasons, including the file becoming corrupted, or having been moved or deleted from the device before the device was seized." Filing 176 at 2–3. The Government further argues that the defendant's "inability to open some files in the extraction is not a Rule 16 or *Brady* issue since Nolde possesses the data the government extracted from his phone." Filing 176 at 3. The Government identifies "[a]nother problem with Nolde's complaint," namely, that he possesses the actual electronic devices that any documents were extracted from. Filing 176 at 3.

The Court agrees with the Government that this issue is not properly addressed under Rule 16 or *Brady*. Even if this was a discovery issue under Rule 16, the Court's local rules provide that a "motion seeking discovery or disclosure of evidence must include a statement verifying that (A) the moving party's attorney conferred with the opposing attorney in person or by telephone in a good-faith effort to resolve the issues raised in the motion and (B) the parties were unable to reach an agreement." NECrimR 12.3(b)(3). "This showing must also state the date, time, and place of the communications and the names of all participating persons." *Id.* Apart from being filed well beyond the pretrial motion deadline and the deadline for any other motions as set out in the Court's Final Trial Order, the defendant's motion also plainly does not comply with the Court's local rules.

9

Moreover, even if the Court were to consider the defendant's reply brief, that document reveals that the defendant's real issue with the Government's discovery is that some of the discovery has been produced in the form of "raw forensic data." Filing 178 at 10. The defendant claims in his reply brief that "Rule 16 requires the Government to provide discovery in a form that permits meaningful review and use in preparing the defense" but he cites no authority for that proposition. Filing 178 at 10. The reality is the Government has provided the discovery it possesses to the defendant and it has accommodated the defendant's request for a new Cellebrite link. If the defendant wanted to further investigate such data or investigate what the Government should or should not have done with the data, the defendant could have done so months ago. Further, pursuant to an order that rarely happens in criminal cases, the Defendant was given back all of his electronic devices and could have investigated the data on those devices himself. Indeed, it was the Court's understanding based on the defendant's former counsel's representations that the defendant intended to do just that.

### B. The Government's Motion to Strike Defendant's Reply Brief

The Government moves to strike the defendant's reply brief on the grounds that it contains "new issues, actual specific arguments missing from his original motion and brief, and new evidence all which were never previously presented" and therefore violates "the local rules of this Court and prior Court orders entered in this matter." Filing 180 at 1; Filing 181 at 3. The Court agrees.

The Court has reviewed the defendant's Motion to Compel Disclosure and his accompanying brief, the Government's response, and the defendant's reply brief and has noticed that the defendant's reply raises new legal arguments not previously addressed in the motion or supporting brief, provides facts not previously included in the motion or supporting brief, contains exhibits not previously attached to the motion or supporting brief, and even seeks relief not previously sought in the motion or supporting brief. For instance, the defendant's motion and supporting brief contend

only that the Government has violated Rule 16 and *Brady*, while the defendant's reply brief claims that the Government has violated Rule 16, *Brady*, Rule 41 of the Federal Rules of Criminal Procedure, the Fourth Amendment to the United States Constitution, and the attorney-client privilege. The defendant's motion and supporting brief include minimal facts underlying the two "discovery issues" he identifies therein, but his reply brief provides "factual clarification" that significantly expands the factual background for his claim that the Government has produced "post-return text messages." The defendant did not attach any exhibits to his motion or supporting brief—for example, he did not identify or otherwise provide any of the discovery items he believes the Government accessed after it concluded its review of his devices—but he attached six exhibits to his reply brief. The defendant's motion and supporting brief also explicitly state that he is not requesting "sanctions, suppression, or dispositive relief at this stage," while his reply brief asks the Court to "suppress any evidence it deems was illegally accessed or obtained." Filing 178 at 11. In short, the defendant's reply brief serves as a new motion and brief in one. This is impermissible for multiple reasons.

First, to the extent the defendant's reply brief raises new substantial issues of law—which it does—those issues are untimely raised. The Court's Final Trial Order, entered on January 13, 2026, requires that:

> All pretrial motions must follow the deadlines and procedures set forth in NECrimR 12.3. Except for good cause shown, all other motions in criminal cases that are not already subject to preexisting deadlines must be filed with the Court no later than five (5) days before the first day of trial. Failure to comply with this order may result in waiver of the issue(s) raised in the motion. *See* Fed. R. Crim. P. 12(c); *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009).

Filing 165 at 1 (emphasis in the original). The defendant's reply brief raising new constitutional issues and seeking new relief was filed less than four days before the first day of trial. This is long

11

past the pretrial motion deadline, which the Court previously extended twice at the defendant's request. This is also past the deadline set forth in the Final Trial Order. Moreover, the defendant has not shown good cause for filing a motion so close to trial—much less a motion that he attempted to conceal in a reply brief. Nor could the defendant show good cause based on the arguments and evidence set forth in his reply brief. As the Government points out, everything the defendant argues in his reply brief he could have argued in his initial motion and supporting brief. In fact, everything the defendant argues in every filing related to his Motion to Compel Disclosure he could have argued well before the November 2025 pretrial motion deadline. The defendant claims his motion is "prompted by newly discovered evidence obtained during a brief access window on March 1, 2024," but even this statement alone reveals that his motion is based on things that occurred nearly two years ago. Filing 178 at 9. The defendant certainly could have conducted a "renewed examination of the Government's production" well before the week before trial. Filing 178 at 9.

### III. CONCLUSION AND ADMONITION

For the foregoing reasons, the defendant's motion is denied and the Government's motion is granted. As the defendant has made sure to remind the Court on multiple occasions, this case has been pending for nearly two years. The defendant has claimed that he has been ready to go to trial since June 12, 2025. He has complained his speedy trial rights were violated, even though that contention had no merit. Even now, the defendant assures the Court that he is not seeking a continuance of trial yet less than six days before trial is scheduled to begin, he files a motion based on facts and evidence that have been in his possession for months if not years. This is inappropriate, especially considering that the defendant was able to file six other pretrial motions without any apparent issue, and it directly contravenes the Court's orders setting pretrial motion deadlines. *See* Filing 84; Filing 85; Filing 103; Filing 131; Filing 165.

The Court cannot help but note that it has now issued multiple orders—totaling 116 pages of writing in the past two weeks alone—addressing 12 total motions, 9 of which were defense motions, many of which would be considered frivolous and sanctionable in a civil proceeding.

The defendant suggests in the 9 motions he has filed in this case that the Government concealed documents, peeked at things it should not have, filed charges without adequate support, violated the defendant's speedy trial rights (while the defendant at the same time continually requested continuances), conducted illegal surveillance against the defendant, pursued the defendant in a vindictive manner, or somehow otherwise acted inappropriately. The Court has found most of these contentions to be meritless. Although the defense might contend this litigation effort was to "make a record" in this case, the Court does not see how the vast majority of the record made with these filings could possibly help the defendant or his defense to the wire fraud charges at issue.

The Court has found nothing in this case that has been remotely close to the defendant's allegations of Government conduct that materially violates any of the defendant's rights.

The Court has grown tired of baseless contentions and allegations against the Government. This case will be tried on admissible evidence and the law the Court will instruct the jury to follow.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion to Compel Disclosure and For In Camera Review [Regarding] Electronic Communications, Filing 172, is denied; and

2. The Government's Motion to Strike Defendant's Reply Brief, Filing 180, is granted.

Dated this 24th day of January, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge