.IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>BRYCE A. NOLDE,<br><br>               Defendant. | 8:24-CR-23<br><br><br>ORDER ON MOTION TO QUASH<br>SUBPOENA BY AUSTIN L. MCKILLIP |

       This matter is before the Court on a Motion to Quash Subpoena filed by Austin L. McKillip, a nonparty attorney who previously represented defendant Bryce A. Nolde's company, BV Builders, LLC, in civil matters. Filing 184. On January 23, 2026, the defendant served McKillip with a subpoena to testify for the defendant at his criminal trial in federal court. Filing 186-1. The subpoena commands McKillip to remain available to testify beginning February 2, 2026. Filing 186-1 at 3–4. McKillip filed the present Motion to Quash Subpoena on January 26, 2026, the first day of trial. Filing 184. He primarily seeks to quash the subpoena on the grounds that the subpoena is facially defective and that he has no admissible information relevant to the charges in the Superseding Indictment or to the persons and transactions identified in the Government's Notice of Rule 404(b) evidence. Filing 184 at 1. McKillip has also informed the Court that he has "significant, longstanding commitments during trial that will require considerable time, effort and expense to rearrange." Filing 184 at 2. The Court held a hearing on McKillip's motion on January 27, 2026, at which time the defendant responded to the motion and counsel for both McKillip and the Government further argued for quashing McKillip's subpoena. For the reasons below, McKillip's

1

motion is denied. McKillip will be required to testify but his testimony will be limited to subjects that are necessary for the defendant's criminal defense, and his testimony must comply with the Federal Rules of Evidence. Due to McKillip's prior engagements, the Court will permit McKillip to testify at 9:00 a.m. on Wednesday, January 28, 2026. The parties have agreed on the record that McKillip's testimony for the defendant's case may be given before the Government has rested its case in chief.

## I. BACKGROUND

The following background is pertinent to McKillip's motion. The Government has charged the defendant with three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343. Filing 98. The Government alleges that the defendant engaged in a scheme to defraud the customers, subcontractors, and suppliers of BV Builders by soliciting customers seeking barndominiums or shouses, accepting payments from the customers and drawing funds from the customers' construction loans at financial institutions while representing that the funds would be used to pay subcontractors and suppliers working on the customers' construction projects, and not paying the subcontractors and suppliers with those funds. McKillip is an attorney with the law firm Cline Williams Wright Johnson & Oldfather (Cline Williams), and he represented BV Builders[1] in civil matters before the defendant was indicted in this case. McKillip's representation included obtaining construction liens and sending retraction letters to some of BV Builders' customers. Filing

---

[1] McKillip indicates in his brief supporting his Motion to Quash that he previously represented BV Builders, but not the defendant individually. Filing 185 at 1. In a prior filing, and at the hearing on this matter, the defendant asserted that McKillip previously represented both him personally and BV Builders. Filing 113 at 10. The Court does not find it necessary to determine whether McKillip represented the defendant personally because the defendant has waived the attorney-client privilege as it applies to McKillip's prior representation of BV Builders and as it applies to the prior representation of the defendant personally, if any.

2

185 at 1. McKillip's representation ended on December 19, 2023, approximately two months before the defendant was indicted. Filing 112 at 4–5.

McKillip states that the defendant "has not advised McKillip directly about the subjects of his testimony" sought at trial. Filing 185 at 2. However, the defendant's counsel has informed McKillip that the anticipated testimony is "very limited" and relates to the following subjects: (1) McKillip's representation of the defendant; (2) that the defendant had clients who did not pay him; (3) that the defendant had McKillip file construction liens; (4) that the defendant was having money trouble; and (5) that McKillip referred the defendant to a bankruptcy lawyer. Filing 185 at 2. McKillip first argues that the subpoena should be quashed because it contains insufficient tender. Filing 185 at 2. A check for $82.85 was included with the subpoena, accounting for a one-way trip from Lincoln, Nebraska to Omaha, Nebraska. Filing 185 at 3. McKillip argues that under Federal Rule of Criminal Procedure 17 and 28 U.S.C. § 1821, "travel costs must be computed on a round-trip basis." Filing 185 at 3. McKillip asserts that this alone "authorizes the Court to quash the subpoena." Filing 185 at 4. McKillip also asks the Court to quash the subpoena because any testimony he could give on the subjects identified by the defendant's counsel is inadmissible under the Federal Rules of Evidence. Filing 185 at 6. Specifically, McKillip argues he does not have personal knowledge of the fact that the defendant's clients did not pay him or that the defendant was having money trouble because the "principle source" of that "supposed knowledge" was the defendant himself. Filing 185 at 6. McKillip also explains that anything the defendant told him is hearsay. Filing 185 at 7. Moreover, McKillip avers that "[t]o the extent Defendant seeks to elicit testimony from McKillip regarding his representation of BV Builders, that information would not only be irrelevant . . . [but] it is likely privileged and/or protected by attorney work product." Filing 185 at 6. Finally, McKillip contends that his prior representation of BV Builders is "not relevant,"

3

as it has "no bearing on the three acts of fraud set forth in the superseding indictment, or on the matters subject to the government's Rule 404(b) disclosure." Filing 185 at 7.

## II.  APPLICABLE STANDARDS

Rule 17 of the Federal Rules of Criminal Procedure governs the subpoena process. *See* Fed. R. Crim. P. 17. The subpoena in this case was served pursuant to Rule 17(a), which provides for "blank subpoena[s]" that the requesting party must fill in prior to serving. Fed. R. Crim. P. 17(a). Under Rule 17(d), the server of a subpoena "must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Fed. R. Crim. P. 17(d). As McKillip notes, 28 U.S.C. § 1821 governs the "fees and allowances" to be paid to "a witness in attendance at any court of the United States." 18 U.S.C. § 1821(a)(1). That statute provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" and also an "attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 18 U.S.C. § 1821(b).

The Eighth Circuit Court of Appeals has not specifically addressed the standards for evaluating a motion to quash a Rule 17(a) subpoena, but it has considered the standards for deciding a motion to quash a Rule 17(b) subpoena, which is a subpoena issued for a defendant who cannot pay for it. *See United States v. LeBeau*, 867 F.3d 960, 975 (8th Cir. 2017). The *LeBeau* court held that "when faced with a motion to quash [a Rule 17(b) subpoena], the defendant has the burden to show that the witness whose presence he seeks is necessary for an adequate defense, and the trial court has 'wide discretion' in determining whether the defendant has met that burden." *Id.* (quoting *United States v. Wyman*, 724 F.2d 684, 686 (8th Cir. 1984)). Other courts of appeals to consider quashing Rule 17(a) subpoenas have held that "[w]here the sought testimony is cumulative or

4

immaterial, a court does not abuse its discretion by quashing a Rule 17(a) subpoena." *United States v. Bebris*, 4 F.4th 551, 559 (7th Cir. 2021) (citing *United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973)). Still other courts of appeals have applied the standards for evaluating a motion to quash a Rule 17(c) subpoena—which is a subpoena compelling the production of documents and objects—to Rule 17(a) subpoenas. *See Stern v. United States Dist. Court for the Dist. of Massachusetts*, 214 F.3d 4, 17 (1st Cir. 2000) (explaining that "roughly the same standards" apply to Rule 17(a) subpoenas as apply to Rule 17(c) subpoenas). In *United States v. Nixon*, the Supreme Court held that party seeking a Rule 17(c) subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." 418 U.S. 683, 700 (1974).

The Court finds the authority governing motions to quash other Rule 17 subpoenas instructive in this case and concludes that the defendant bears to burden to show that McKillip's testimony is necessary for an adequate defense. Of course, the defendant must also show that McKillip's testimony is relevant and admissible.

### III. ANALYSIS

Having heard the arguments from McKillip, the defendant, and the Government on this issue, the Court finds that the defendant has met his burden to show that McKillip's presence at trial is necessary for an adequate defense. *See LeBeau*, 867 F.3d at 975 ("[T]he trial court has wide discretion in determining whether the defendant has met that burden." (internal quotation marks and citation omitted)). At the hearing on this matter, the attorney for the defendant stated that the defendant's primary defense in this criminal trial is that the defendant did not have the requisite intent to violate the federal wire fraud statute, 18 U.S.C. § 1343. One of the elements the Government must prove beyond a reasonable doubt in order to convict the defendant of a violation of 18 U.S.C. § 1343 is that the defendant had the intent to defraud. The defendant contends that part

5

of his defense includes the efforts he made to protect his company's interest in getting paid for construction projects for which he was owed, and he argues that the construction liens he asked McKillip to file on such properties illustrates his intent in this matter. The defendant also claims that part of his defense to the intent element is the fact that he contemplated filing bankruptcy and sought a referral from McKillip to potentially take that course of action.

Although there may be many other ways to offer this evidence in a civil proceeding, such as through the testimony of the defendant himself, not all of those avenues necessarily exist in this criminal proceeding, where the defendant has the right to not "to be a witness against himself" under the Fifth Amendment to the United States Constitution. The defendant's constitutional right against self-incrimination further supports the need for McKillip's testimony in this matter.

McKillip will therefore be required to testify at this criminal trial. This is not, however, blanket approval for the defendant to elicit any and all testimony from McKillip. The defendant's counsel has informed McKillip that he intends to seek testimony of five subject areas at trial. The defendant will not be permitted to seek testimony that McKillip does not have personal knowledge of or that would be inadmissible hearsay. This means that the defendant cannot ask McKillip specifically about the details of the clients who did not pay him or the details of the defendant's money trouble because McKillip does not have personal knowledge of those facts under Federal Rule of Evidence 602 and anything he could share would have been told to him by the defendant in the first place. The Court will permit the defendant to inquire into McKillip's prior representation of the defendant and/or his company to the extent the defendant seeks testimony of the actions McKillip took in filing construction liens for BV Builders and sending retraction letters to BV Builders' customers. Obviously, the defendant's counsel may ask generally whether it was McKillip's understanding that the reason the liens were needed was because the defendant's

company was not being paid on certain projects. The Court will also allow the defendant to elicit testimony that McKillip referred the defendant to a bankruptcy lawyer. The Court concludes that this limited testimony is necessary for the defendant's trial defense that he did not possess the requisite intent to defraud. However, the defendant may not use McKillip's testimony to get in the defendant's own statements for the truth of the matter asserted. See Fed. R. Evid. 801(c). If the defendant seeks to have McKillip testify to things that the defendant or someone else told McKillip, the defendant must be prepared to defend the admissibility of those statements. Although McKillip's testimony may contribute to the defendant's defense and McKillip will therefore be required to testify in this case, the defendant must still comply with the Federal Rules of Evidence. Furthermore, as the Court reiterated during the January 27 hearing, the defendant may not introduce any evidence of any civil lawsuits that he has filed or that have been filed against him. See Filing 167 at 10. However, this limitation does not include the construction liens that the defendant directed McKillip to file as the attorney for his entity.

The Court notes that McKillip's testimony regarding his prior representation of BV Builders could implicate the attorney-client privilege. This is not an issue, however, because the defendant waived the attorney-client privilege on behalf of himself and his company on the record during the motion hearing. The Court finds that this waiver was made knowingly, voluntarily, and intelligently, and that it applies broadly to McKillip's testimony on both direct examination and cross examination. See United States v. Workman, 138 F.3d 1261, 1264 (8th Cir. 1998) ("The attorney client privilege cannot be used as both a shield and a sword. . . .").

Finally, the Court addresses its decision to deny McKillip's request to quash the subpoena on the basis of its facial insufficiency. The subpoena clearly did not include sufficient tender of the legal mileage allowance required by Rule 17(d) and 28 U.S.C. § 1821. The Court agrees that under

many circumstances this alone would be sufficient to quash the subpoena. However, the Court does not believe this clerical error alone warrants quashing the subpoena of a witness who the defendant contends is necessary for an adequate criminal defense under these circumstances. Included in these considerations is the fact that McKillip is a local attorney who is a member of the bar of this Court, and the fact that the parties at least partially accommodated McKillip's busy schedule with a special out-of-order setting for his testimony. As the Court stated on the record, the defendant must provide McKillip at the time of his testimony with a new subpoena that reflects the new date of his testimony, January 28, 2026. The new subpoena should also include a check for the outstanding mileage fee.

## IV. CONCLUSION

For the foregoing reasons, McKillip's Motion to Quash Subpoena is denied. McKillip will be required to testify in this case, and his testimony is scheduled for Wednesday, January 28, 2026, at 9:00 a.m. The Court will limit McKillip's testimony to the actions he took during his previous representation of BV Builders and/or the defendant and his understanding of those actions. The defendant has waived the attorney-client privilege as it applies to McKillip's prior representation of BV Builders and/or the defendant. Finally, the defendant must serve McKillip with a new and correct subpoena that contains a check for the outstanding mileage fee required by law. Accordingly,

IT IS ORDERED:

1. Austin L. McKillip's Motion to Quash Subpoena, Filing 184, is denied. McKillip must testify in this criminal case on Wednesday, January 28, 2026, at 9:00 a.m.; and

2. The defendant must serve McKillip with a new and correct subpoena, and he must remedy the insufficient tender previously made.

Dated this 27th day of January, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge
