IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

          Plaintiff,

    vs.

BRYCE A. NOLDE,

          Defendant.

8:24CR23

GOVERNMENT'S
SENTENCING STATEMENT

COMES NOW the United States of America, by and through the United States Attorney, and the undersigned Assistant United States Attorney, and hereby submits the following statement regarding the Presentence Investigation Report (PSR) and sentencing in this case.

Having presided over the trial in this matter, the Court is already familiar with much of the facts surrounding the case. Accordingly, this Court may base its sentencing decisions on the evidence and facts presented at trial and otherwise known to the Court. *See United States v. Maluoth*, 121 F.4th 1158, 1164 (8th Cir. 2024); *United States v. Escobar*, 909 F.3d 228, 241 (8th Cir. 2018); and *United States v. Spencer*, 592 F.3d 866, 882 (8th Cir. 2010).

The government has reviewed the PSR and agrees with all the findings. The PSR found a 16-level enhancement is warranted under U.S.S.G. § 2B1.1(b)(1)(I) because "[t]he actual loss to all victims is conservatively estimated to be between $1,500,000 and $3,500,000." (PSR, p. 28) The government agrees with this estimate. This conclusion is based on victims who testified at trial, as well as many other people who were victims of Nolde's fraud

scheme and whose conduct falls squarely within the scope of relevant conduct. § 1B1.3. The loss caused by Nolde's fraud easily exceeds $1,500,000.

The PSR also applied a four-level enhancement, pursuant to § 2B1.1(b)(2)(B), having found that Nolde's fraud scheme resulted in financial hardship to more than five victims. (PSR, p. 28) The government called ten victims to testify at trial. All of them contribute to this enhancement. The families of many of Nolde's victims were financially devastated. As a result of Nolde's conduct, many individuals were left with liens amounting to tens of thousands of dollars. And many were compelled to assume considerably greater debt, which will continue to impose significant financial hardship on them for decades. Matthew and Gretchen Lindow were left having to find alternative living arrangements heading into winter after hiring Nolde, and they took on substantial additional costs as a result of Nolde's fraud. Additionally, a lot of their personal belongings were ruined. (PSR, pp. 15-16) Mike and Nancy Hula present another example. They had hoped to enter retirement with a new home built to their liking. Instead, to this day they live in a trailer parked the lot where their home should be. (PSR, p. 16) Nolde undoubtably earned this enhancement.

The PSR also assessed a two-level enhancement, see § 2B1.1(b)(17)(A), because Nolde derived Nolde derived more than $1,000,000 in gross receipts from three identified financial institutions because of the instant offense. (PSR, p. 28) The trial testimony and exhibits easily meet this requirement. Many of Nolde's victims obtained construction loans through Jones Bank, including the

Bartus (Government's Exhibits 106-116), the McClains, the Hahns, and the Vaneks. The Niewohners obtained their construction loan through First Community Bank. (Government's Exhibits 7-18) And the Doeschers obtained their construction loan through Rural First Farm Credit Servies of America. (Government's Exhibit 58-67) And the total of the construction loans from those six sets of victims easily exceeds $1,000,000.

With a total offense level of 29, and criminal history category of II, the guideline imprisonment range is 97 to 121 months. (PSR, p. 36)

The Court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Under § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). The purposes of sentencing, pursuant to § 3553(a)(2), are as follows:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Section 3553(a) factors include the following: (1) "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1); (2) "the history and characteristics of the defendant," id.; (3) the promotion of "respect for the law," 18 U.S.C. § 3553(a)(2)(A); (4) "deterrence," 18 U.S.C. § 3553 (a) (2)(B); (5) the Guidelines and Guideline range, 18 U.S.C. § 3553(a)(4); and (6) "the need to

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Of course, a sentencing court does not enjoy the benefit of a legal presumption that the Guideline sentence should apply, *Rita v. United States*, 551 U.S. 338, 351 (2007), and it may not presume that the Guidelines range is reasonable, *Gall*, 552 U.S. at 39; *Nelson v. United States*, 555 U.S. 350, 352 (2009). The Guidelines, however, are an important starting point.

In most cases, the government will generally recommend that the Court impose a sentence within the applicable Guideline range. Having considered all the sentencing factors, and the egregious facts of this case, the government believes a sentence at the top of the guideline range, at least, is warranted in Nolde's case. Many white-collar defendants employ fraud schemes to steal from the government, or institutions such as banks or insurance companies. Those crimes are certainly wrong and typically warrant significant punishment. Nolde, however, targeted hard working families who hoped to build their dream home. He left numerous families financially devastated. They will bear the cost of Nolde's fraud for decades, and some may never fully recover. Nolde's fraud stands out from many white-collar defendants as far more egregious. The serious nature of Nolde's offense, its magnitude, and his stubborn refusal to admit to having personally committed any intentional wrongful conduct, are all significant aggravating factors calling for a substantial sentence.

## Conclusion

For all the above-stated reasons, the government respectfully requests the Court impose a sentence at the top of the Guideline range.

Respectfully submitted;

UNITED STATES OF AMERICA, Plaintiff
LESLEY A. WOODS
United States Attorney
District of Nebraska

By:  _____
MATTHEW R. MOLSEN, #22693
Assistant U.S. Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, NE  68508
Tel: (402) 437-5241
Fax: (402) 437-5390
E-mail: Matthew.Molsen@usdoj.gov