IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br><br>          vs.<br><br><br>BRYCE A. NOLDE,<br><br>                    Defendant. | **8:24-CR-23**<br><br><br><br>**ORDER** |

Following an eight-day trial, a jury convicted defendant Bryce A. Nolde of three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343. Filing 206 (Jury Verdict). The Court has ordered that the defendant's sentencing hearing and restitution hearing will be combined, and the Court has reserved July 7, 2026, through July 10, 2026, for those hearings. Filing 224 (Text Order).

Prior to trial, the defendant was released subject to conditions and supervision. *See* Filing 17 (Text Minute Entry); Filing 20 (Order Setting Conditions of Release); Filing 40; Filing 54; Filing 59; Filing 65; Filing 87. The Court permitted the defendant to remain on release subject to the same conditions and supervision following his conviction at trial. On May 1, 2026, a Petition for Action on Conditions of Pretrial Release was filed alleging that the defendant violated condition (gg) of his release. Filing 229. Condition (gg) provides: "Defendant shall not liquidate any assets without the approval of Pretrial Services in conjunction with the government." Filing 20 at 2; Filing 229 at 1. The Petition alleges:

> On February 11, 2026, Bryce Nolde was instructed by the undersigned office[r] to "hold off" on any sale of property he owned in Garland, Nebraska, until

clarification could be obtained regarding restrictions on liquidating any further assets. On April 20, 2026, Mr. Nolde advised that the property in Garland "closed last week."

Filing 229 at 1. A Summons in a Criminal Case, Filing 230, was issued, and the Court ordered the defendant to appear before the undersigned judge on Tuesday, May 12, 2026, at 9:00 a.m.

The Court now enters this order to advise the parties that once the Petition has been addressed at the May 12, 2026, hearing, the parties should be prepared to discuss issues related to sentencing or restitution in this matter. One such issue is the Government's anticipated evidence for sentencing and restitution. The Government has represented that it will "need to call around 12 to 20 witnesses at sentencing" to testify regarding both the sentencing guideline calculation and the restitution amount. Filing 222 at 2. The Court does not understand why the Government believes it needs to call so many witnesses after there was already an eight-day trial in this matter. The Court recognizes that the Government has a burden to prove the allegations establishing a sentencing enhancement and to prove the restitution amount, but that burden is to prove those facts only by a preponderance of the evidence. *See United States v. Coffer*, 154 F.4th 965, 968 (8th Cir. 2025) ("The burden rests with the government to prove by a preponderance of the evidence each of the facts necessary to establish a sentencing enhancement."); *United States v. Nelson*, 106 F.4th 719, 724 (8th Cir. 2024) ("Generally, it is the government's burden to prove the restitution amount by a preponderance of the evidence."). Moreover, the law is clear that a "sentencing judge who also presided over the trial, as in this case, may base his factual findings on the trial record and is not required to hold an evidentiary hearing prior to sentencing." *United States v. Maluoth*, 121 F.4th 1158, 1165 (8th Cir. 2024) (quoting *United States v. Escobar*, 909 F.3d 228, 241 (8th Cir. 2018)); *see also United States v. Jimenez-Villasenor*, 270 F.3d 554, 562–63 (8th Cir. 2001) ("In cases where the district court also presided over the trial, the court may rely on evidence submitted at trial, during

2

the sentencing hearing, and on uncontested statements from the defendant's presentence report."). The Court has already presided over an eight-day trial in this case, and the Court will not permit the sentencing and restitution hearings to turn into a second trial.

Counsel for the Government should therefore be prepared to address the issue of the Government's anticipated evidence for the sentencing and restitution hearings. The Court would also like to discuss whether there is any reason the sentencing in this matter could not be completed first with the restitution hearing taking place at a later date. Accordingly,

IT IS ORDERED that counsel for both parties should be prepared to discuss issues related to the defendant's sentencing and restitution hearings when the parties appear for the hearing on the Petition for Action on Conditions of Pretrial Release, Filing 229, on Tuesday, May 12, 2026, at 9:00 a.m. before Judge Brian C. Buescher in Courtroom 5 of the Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

Dated this 4th day of May, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge