IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   vs.<br><br>BRYCE A. NOLDE,<br><br>      Defendant. | **8:24-CR-23**<br><br><br>**ORDER ON PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE** |

On February 4, 2026, following an eight-day trial, a jury convicted defendant Bryce A. Nolde of three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343. Filing 206 (Jury Verdict). The defendant was released subject to the conditions that were previously imposed pending sentencing. Filing 201 (Text Minute Entry); Filing 20 (Order Setting Conditions of Release). On May 1, 2026, a Petition for Action on Conditions of Pretrial Release, Filing 229, was filed alleging that the defendant violated condition (gg), which provides that the "Defendant shall not liquidate any assets without the approval of Pretrial Services in conjunction with the government." *See* Filing 20 at 2. The Petition for Action on Conditions of Pretrial Release ordered the defendant to appear before the Court on May 12, 2026. Filing 229 at 1. On May 8, 2026, the defendant filed a Motion to Continue Initial Appearance on Alleged Violation of Release Conditions. Filing 234. The Court took the defendant's motion under advisement. Filing 235 (Text Order).

The defendant appeared before the Court on May 12, 2026, regarding the Petition for Action on Conditions of Pretrial Release. Filing 236 (Text Minute Entry). At that time, the Court denied

1

the defendant's Motion to Continue. The defendant was advised of the alleged violation of his release, and he denied the allegation. The Court proceeded with an evidentiary hearing on the issue of whether the defendant violated the terms of his release as set forth in the Petition for Action on Conditions of Pretrial Release. The Government called two witnesses, Pretrial Services Officer Theresa Rerucha and Federal Bureau of Investigation Special Agent Brandon Soden. Counsel for the defendant was given the opportunity to cross-examine both witnesses and to present any evidence on behalf of the defendant. Defense counsel cross-examined Rerucha but declined to cross-examine Soden and declined to present any additional evidence. Counsel for the Government conducted a re-direct examination of Rerucha. No exhibits were offered or admitted into evidence. The Court took judicial notice of the docket.

Based on the evidence before the Court, the Court concludes that there is clear and convincing evidence that the defendant violated condition (gg). Rerucha testified that a few days after the guilty verdict in this case, the defendant advised Rerucha that he was in the process of selling a parcel of land in Garland, Nebraska. Rerucha contacted counsel for the Government regarding the potential sale and instructed the defendant to "hold off" on the sale. In April, the defendant sent Rerucha two text messages, one informing her that the land was under contract and one, approximately two weeks later, informing her that the land had sold. Rerucha testified that Pretrial Services did not approve the sale. There was also no evidence that the Government approved the sale. Soden testified that he investigated the April 2026 sale of the property and located the warranty deed. The warranty deed revealed that the seller was Good Steward Investments, LLC, a Wyoming company formed in May 2024. Soden discovered that the defendant and his wife had transferred the same Garland, Nebraska property to Good Steward Investments, LLC in May 2025 for one dollar. Then, in April 2026, Good Steward Investments, LLC sold the property to a buyer

2

for $300,000. Rerucha testified that prior to the hearing on the Petition for Action on Conditions of Pretrial Release, she had never heard of Good Steward Investments, LLC. She further testified that the defendant had not informed her of the May 2025 transaction. In light of all this, there is clear and convincing evidence that the defendant violated condition (gg), and the Court therefore finds that the defendant violated the Order Setting Conditions of Release. Filing 20.

The Court proceeded with a detention hearing based on representations that the Government was seeking an order of revocation and detention. The defendant objected and requested release on present or amended conditions. After consideration of the report of Pretrial Services and the arguments of the parties, and after affording counsel for the defendant an opportunity to present additional evidence, the Court finds that the defendant has not carried his burden to show by clear and convincing evidence that he is not likely to flee. The Court further finds that there is no condition or combination of conditions of release that will assure the defendant will not flee, and the Court finds that the defendant is unlikely to abide by any condition or combination of conditions of release. As the Court ruled on the record, the defendant has been convicted of three felonies and faces a significant prison sentence. This alone is sufficient motivation to flee. The defendant has also shown that he is unable or unwilling to comply with the conditions of his release, as evidenced by his violation of condition (gg). Although the Court did not make a finding regarding the risk the defendant poses to others or to the community, the Court did note that it previously reprimanded the defendant for contacting jurors on social media and at their places of work. The Court also referred to an interaction between the defendant and a member of the press that occurred immediately after the trial in this matter and that caused the member of the press to question aloud whether the defendant had threatened him. Because the defendant has not shown that he does not pose a flight

risk, the Order Setting Conditions of Release, Filing 20, is revoked and the defendant shall be detained pending sentencing.

During the May 12, 2026, hearing, counsel for the defendant requested an order authorizing counsel to download the audio from a prior Rule 17.1 hearing in which the magistrate judge who was then assigned to the case specifically discussed condition (gg). *See* Filing 36 (Text Minute Entry). The Court has reviewed the docket and conferred with the Clerk of Court, and it appears that the audio defense counsel requests is already available and indeed was available at the time counsel requested access to it, as it was not filed sealed or restricted. *See* Filing 38 (Audio File). Defense counsel should follow the instructions for accessing the audio provided on Filing 38 and inform the Court if he is still unable to access the audio.

Finally, the Court ordered counsel for both parties to file briefs addressing how the Court should proceed regarding the proceeds of the unauthorized April 2026 asset sale. The Court noted that it was then of the opinion that all such proceeds should be available for restitution to the victims of the crimes given the Government could have—and indeed represented it would have—taken action to preserve such proceeds as a condition of consenting to the land sale. The Court further prohibited counsel from making any transfers of any funds from the land sale, including those held in trust, without authorization of the Court. Counsel for the Government shall file a written brief on or before May 19, 2026. Counsel for the defendant shall file a written response on or before May 26, 2026. For all these reasons,

IT IS ORDERED:

1. The defendant's Unopposed Motion to Continue Initial Appearance on Alleged Violation of Release Conditions, Filing 234, is denied;

2. The Order Setting Conditions of Release, Filing 20, is revoked;

3. The defendant is remanded to the custody of the United States Marshal and shall be detained pending sentencing;

4. Counsel for the defendant is advised to follow the instructions for accessing the audio of the June 24, 2024, Rule 17.1 hearing set forth in Filing 38; and

5. The Court imposes the following briefing schedule for counsel to address issues related to the proceeds of the April 2026 sale of the defendant's Garland, Nebraska property:

a. Counsel for the Government shall file a written brief on or before May 19, 2026; and

b. Counsel for the defendant shall file a written response on or before May 26, 2026.

Dated this 14th day of May, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge