IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>BRYCE A. NOLDE,<br><br>        Defendant. | **8:24-CR-23**<br><br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO STAY SENTENCING AND RELATED DEADLINES AND LITSON PLLC'S AND MARK J. RATER'S CONDITIONAL MOTIONS TO WITHDRAW AS COUNSEL** |

This matter is before the Court on two motions. The first motion, filed by the defendant's counsel at Litson PLLC, is defendant Bryce A. Nolde's "Unopposed Motion to Stay Sentencing and Related Deadlines and, in the Alternative, Litson PLLC's Conditional Motion to Withdraw as Counsel."[1] Filing 250 (reduced from all capitals) (the Litson Motion). The second motion, a Conditional Motion to Withdraw, was filed by the defendant's counsel, Mark J. Rater. Filing 252 (the Rater Motion).

As explained more thoroughly below, the Court issued a Memorandum and Order, Filing 248, on June 12, 2026, which granted in part and denied in part the Government's Motion for Order to Restrain Dissipation of Assets, Filing 245. On June 15, 2026, the defendant provided the Court

---

[1] The Litson Motion provides that "[t]he Government stated that it does not object to Defendant's request to continue sentencing. The Government did not indicate a position regarding the conditional motion to withdraw in the event the Court denies that request." Filing 250 at 1 n.1.

1

with notice that "Defendant Bryce Nolde appeals to the United States Court of Appeals for the Eighth Circuit from the [June 12, 2026, Memorandum and Order]" under 28 U.S.C. § 1292(a)(1). Filing 249 at 1. On that same day, the Litson Motion was filed. Filing 250. On June 16, 2026, the Rater Motion was filed. Filing 252.

The question facing the Court is whether this Court should postpone the restitution hearing and sentencing in this matter in order for the Eighth Circuit Court of Appeals to decide whether Mr. Nolde can use a substantial portion of his remaining assets to hire a fourth law firm to represent him at sentencing after having had three different law firms represent him throughout this proceeding through the jury trial of this matter.

The present legal issues arose when the defendant violated this Court's order and transferred title to certain real estate to an LLC without the permissions required by this Court's order. Subsequent to doing that, the Defendant then sold the property without the requisite permissions, and then transferred $75,000 of such proceeds to a fourth law firm he wished to hire to represent him at his sentencing, and transferring some of such proceeds to the lawyer he retained for trial.

As noted from prior orders, this Court has had the consistent concern that the defendant's conduct in filing baseless motions through counsel and now using proceeds that should be used for restitution have and will dissipate his assets and leave little left for restitution for the victims of his crimes. The defendant has consistently blamed the victims of his crimes for his legal woes. As noted in prior rulings, the Court's position is that both the law firms who were retained in this matter had access to the court record at the time of their retention that limited the sale and title transfer of the real estate subject to the Court's order, and thus they could not have reasonably expected such assets to be available to pay them for their services.

2

The Court could proceed with sentencing and force the attorneys involved to prepare for and conduct the sentencing hearing. However, in the interest of justice and for the reasons stated below, the Court concludes the better and more appropriate path is to stay the sentencing and restitution hearing in this matter until the Eighth Circuit Court of Appeals decides whether the defendant can utilize a substantial portion of the remaining assets he has for lawyers. If the Eighth Circuit rules such assets can be used for lawyers, the defendant can have the counsel he desires at sentencing. If the Eighth Circuit agrees with this Court that such assets should not be dissipated in that way under the present circumstances, then the Court will assure Mr. Nolde is represented at his sentencing while reserving these assets for restitution.

For the reasons provided below, the Court stays the July 7, 2026, sentencing and all other related proceedings pending the disposition of the defendant's interlocutory appeal. Mr. Nolde shall remain in custody during the entirety of this stay, subject to any further motions as to custody, if any.

## I.    BACKGROUND[2]

On February 4, 2026, defendant Bryce A. Nolde was found guilty of three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343 following an eight-day jury trial. Filing 206. Nolde was released pending sentencing subject to the conditions of his pretrial release. Filing 201 (Text Minute Entry); Filing 20 (Order Setting Conditions of Release). As noted by the Court in its June 12, 2026, Memorandum and Order, one of those conditions provided that the "Defendant shall not liquidate any assets without the approval of Pretrial Services in conjunction

---

[2] The facts set forth below are only those relevant to the issue of whether a stay should be granted pending Nolde's interlocutory appeal to the Eighth Circuit. The Court has provided ample background relating to Nolde's unauthorized April 2026 sale of land in its June 12, 2026, order. See Filing 248. The Court also notes that it has previously addressed the procedural history of this case in great detail, see Filing 164, and it has also previously addressed the evidence adduced at trial, see Filing 228.

3

with the government." Filing 20 at 2 (condition (gg)). On May 1, 2026, a Petition for Action on Conditions of Pretrial Release (Petition for Action) was filed alleging that Nolde violated condition (gg) when he sold a 40-acre parcel of land in Garland, Nebraska, in April 2026 (the April 2026 sale) without first receiving approval of Pretrial Services or the Government.[3] Filing 229. After holding a hearing on the Petition for Action on May 12, 2026, the Court found that there was clear and convincing evidence that Nolde violated condition (gg). Filing 239 at 2–3. The Court further found that Nolde failed to carry his burden to show by clear and convincing evidence that he was not likely to flee. Filing 239 at 3. Accordingly, the Court revoked the Order Setting Conditions of Release, Filing 20, and ordered Nolde to be detained pending sentencing. Filing 239 at 4.

On May 29, 2026, the Government filed a Motion for Order to Restrain Dissipation of Assets. Filing 245. This motion was the subject of the Court's June 12, 2026, Memorandum and Order. "Concluding that 'decisive action' [was] necessary to keep Nolde's assets available for an impending restitution order, the Court" granted in part and denied in part the Government's motion. Filing 248 at 3 (quoting *United States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011)). As noted in the order, such "decisive action" was necessary because the funds available for restitution of the victims of Nolde's financial crimes could be substantially utilized or exhausted if such funds were used to pay new or existing attorneys. Filing 248 at 2–3. In assessing the Government's motion, the

---

[3] As explained more thoroughly in the Court's June 12, 2026, order, the 40-acre parcel of land that was the subject of the April 2026 sale was one of two tracts of land owned by Nolde in 2024. Filing 248 at 5 (citing Filing 38 (Audio File)). During a pretrial conference held by United States Magistrate Judge Michael D. Nelson on June 24, 2024, Nolde's then-counsel, attorney Robert B. Creager, "explained that Nolde and his wife owned a house and 80 acres of land in Garland, Nebraska, and that they had divided the property into two 40-acre tracts—one with the residence, one without." Filing 248 at 4–5 (citing Filing 38 (Audio File)). Nolde sold the 40-acre tract with the house in the summer of 2024 (the Summer 2024 sale) and placed part of the funds in a trust pursuant to an arrangement apparently made with the Government. Filing 248 at 5–6 (citing Filing 236 (Text Minute Entry)); Filing 237. "Nolde used the remaining proceeds of the Summer 2024 sale to buy a new residence in Waverly, Nebraska." Filing 248 at 6 (citing Filing 246 at 4). The proceeds of the Summer 2024 sale are apparently still held in a trust. Filing 248 at 6 (citing Filing 246 at 4).

Court observed that "the Government is rightfully concerned that in hiring additional defense attorneys, Nolde is seeking to place his assets beyond the reach of the victims." Filing 248 at 2–3 (explaining Nolde's repeated flaunting of Court warnings and orders and Nolde's "frequent attempts to shift blame").

The Court detailed these concerns in its June 12, 2026, order, and provided extensive reasoning that is summarized below supporting its conclusion that "'decisive action' [was] necessary to keep Nolde's assets available for an impending restitution order." Filing 248 at 3. After a careful survey of caselaw that was headlined by a discussion of *United States v. Yielding*, 657 F.3d 668 (8th Cir. 2011) (*Yielding I*) and *United States v. Yielding*, 657 F.3d 722 (8th Cir. 2011) (*Yielding II*), the Court observed that, "[a]s a general matter, this law supports the conclusion that the Court has authority under the All Writs Act [(28 U.S.C. § 1651(a))] to issue an order restraining a defendant from dissipating his assets in anticipation of a restitution order."[4] Filing 248 at 10–13 (citing cases). The Court also found that an order restraining Nolde from dissipating proceeds from the April 2026 property sale—preventing him from using such funds on legal counsel—did not violate his Sixth Amendment right to use that "property to pay a reasonable fee for the assistance of counsel," *Luis v. United State*, 578 U.S. 5, 22–23 (2016), because *inter alia* the proceeds obtained in violation of his conditions of release "are not 'innocent funds.'" Filing 248 at 20 (quoting *Luis*,

---

[4] The Court notes that it appears the Government could have pursued other remedies including a civil fraudulent-transfer action under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, a civil forfeiture claim, or a civil action under 18 U.S.C. § 1345, which provides a mechanism to enjoin the disposition of certain property obtained as a result of banking law violations. The Court certainly believes the Government could have handled this situation in a more efficient way, resulting in less work and effort for this Court. However, the Court also notes, "as Nolde himself acknowledges, the 'multiple remedies' the Government 'has so far declined to pursue,' including a civil fraudulent-transfer action or a civil forfeiture action, are 'slower' and cannot be instantly implemented to address the concerns at issue in [the June 12, 2026, Memorandum and Order]." Filing 248 at 14 (quoting Filing 247 at 14). Nonetheless, as detailed elsewhere, "the All Writs Act authorizes [the Court] to enter a post-conviction, pre-sentencing restraining order" and "Nolde's case is the very sort of case where such an order is 'necessary and appropriate' to 'prevent the restitution debtor from frustrating the collection of the restitution debt'—when the restitution debt is only anticipated at the time the order is entered." Filing 248 at 14 (quoting *Yielding II*, 657 F.3d at 727).

578 U.S. 22–23). Thus, the June 12, 2026, Memorandum and Order enjoined Nolde "and/or anyone acting on his behalf" from "dissipating, disposing or, or transferring the proceeds of the April 2026 sale of the 40-acre tract of land in Garland, Nebraska" and enjoined Nolde "and/or anyone acting on his behalf" from "transferring any property interest Nolde has in the Waverly, Nebraska residence which Nolde purchased with proceeds of the Summer 2024 sale of his residence and the 40-acre tract of land in Garland, Nebraska." Filing 248 at 24.

## II. DISCUSSION

The Litson Motion requests that the Court stay sentencing and all related deadlines pending Nolde's interlocutory appeal. Filing 250 at 2. As the Court noted above, the Government apparently "stated that it does not object to [Nolde's] request to continue sentencing." Filing 250 at 1 n.1. The Court deals with the part of the Litson Motion seeking a stay first because the remaining part of the Litson Motion and the Rater Motion are conditioned on the Court's denial of a stay and would, accordingly, be moot if the Court grants the motion for stay.

The United States Supreme Court has provided that "[d]istrict courts do ordinarily have authority to issue stays, *see Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936), where such a stay would be a proper exercise of discretion, *see Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005); *see also Nken v. Holder*, 556 U.S. 418, 443 (2009) (saying a stay is 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" (quoting *Virginian Ry. Co. v. U.S.*, 272 U.S. 658, 672–73 (1926))). The Supreme Court has also provided that "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34. In deciding whether to issue a stay, federal courts typically consider and balance four factors. These factors include:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

*Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011)); *see also Nken*, 556 U.S. at 434.

"Ultimately, [the Court] must consider the relative strength of the four factors, 'balancing them all.'" *Brady*, 640 F.3d at 789 (citing *Fargo Women's Health Org. v. Schaefer*, 18 F.3d 526, 538 (8th Cir. 1994)).

The balance of the factors—especially given the fact that the stay is unopposed—favors a stay. The Court first considers "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *Brady*, 640 F.3d at 789 (first factor). This first factor weighs against a stay of proceedings. The Court's June 12, 2026, order explains in why Nolde is unlikely to succeed on the merits of his appeal. *See generally* Filing 248. It is sufficient for the Court to note here that the All Writs Act, 28 U.S.C. § 1651(a), gives the Court authority to issue an order restraining a defendant from dissipating his assets in anticipation of a restitution order. *See Yielding II*, 657 F.3d at 727; Filing 248 at 11–12 (citing cases). Further, the Court's order restraining Nolde from dissipating proceeds from the April 2026 sale—preventing him from using such funds on legal counsel—did not violate his Sixth Amendment right to use that "property to pay a reasonable fee for the assistance of counsel," *Luis*, 578 U.S. at 22–23, because *inter alia* the proceeds obtained in violation of his conditions of release "are not 'innocent funds.'" Filing 248 at 20 (quoting *Luis*, 578 U.S. 22–23).

The remaining factors, however, favor issuance of a stay. The second factor considers "whether the applicant will be irreparably injured absent a stay." *Brady*, 640 F.3d at 789 (second factor). The Court's June 12, 2026, order "grant[ed] the Government's request for an order

7

restraining Nolde and/or anyone acting on behalf of Nolde from dissipating, disposing of, or transferring the proceeds of the April 2026 sale of the 40-acre tract of land in Garland, Nebraska." Filing 248 at 22. In doing so, the Court determined Nolde "does not have 'a Sixth Amendment right to use' that 'property to pay a reasonable fee for the assistance of counsel.'" *Luis*, 578 U.S. at 22–23. Litson PLLC and Rater have moved to withdraw if the Court does not grant the motion as it relates to the stay. Filing 250 at 2; Filing 252. Although this Court does not reach the question of whether counsel should be allowed to withdraw, the Court concludes that if the Eighth Circuit concludes Nolde should be able to dissipate his assets at the expense of the victims of Nolde's crimes despite transferring and selling such assets without Court approval, it would certainly impact his representation at sentencing. While the Court—as explained in its June 12, 2026, order—does not believe that Nolde has a Sixth Amendment right to use the April 2026 sale proceeds to pay for counsel, the threat of irreparable harm resulting from an alternative ruling from the Eighth Circuit provides reason to stay proceedings given that the motion is unopposed. Filing 250 at 1 n.1 (saying the part of the motion seeking a stay is unopposed); *Nken*, 556 U.S. at 443 (saying a stay is 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" (quoting *Virginian Ry. Co.*, 272 U.S. at 672–73)). The Court therefore finds that this factor weighs in favor of a stay in proceedings pending the disposition of Nolde's interlocutory appeal.

The third factor considers "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Brady*, 640 F.3d at 789 (third factor). This factor favors issuance of a stay considering the Government apparently does not oppose the part of the Litson Motion seeking a stay. Filing 250 at 1 n.1 (stating that "the Government stated that it does not object to Defendant's request to continue sentencing"). The fourth, and final, factor considers "where the

public interest lies." *Brady*, 640 F.3d at 789 (fourth factor). This factor similarly favors a stay. A stay would prevent the unnecessary expenditure of judicial resources in the event that the Eighth Circuit determines Nolde has a right to use the April 2026 proceeds to pay for multiple attorneys—in addition to the attorney who already handled his trial. *See United States v. Dennis*, 625 F.2d 782, 801–02 (saying that judicial economy is in the public's interest).

There are no obvious countervailing threats because, as noted in Nolde's motion, "Mr. Nolde is currently in custody and the assets in question remain fully secured by the Court's existing order, a stay carries no risk of flight, danger to the community, or dissipation of funds." Filing 250 at 4. Additionally, although a significant delay in the proceedings will result if the interlocutory appeal is allowed, Nolde's guidelines for his three convictions under 18 U.S.C. § 1343 are significantly higher and his liberty rights would therefore not be prejudiced. U.S.S.G. § 2B1.1(b). The Court therefore determines that the four factors favor a stay of the scheduled sentencing and all other relevant deadlines pending the Eighth Circuit's resolution of Nolde's interlocutory appeal. *Brady*, 640 F.3d at 789 (citing *Fargo Women's Health Org.*, 18 F.3d at 538) (saying "[u]ltimately, [the Court] must consider the relative strength of the four factors, 'balancing them all.'").

Because the Court stays the July 7, 2026, sentencing and related deadlines, the Rater Motion and the remaining part of the Litson Motion are denied as moot because the requests for withdrawal were conditioned on the Court denying a stay of sentencing and related deadlines. Filing 250 at 1; Filing 252 at 2 (¶ 13).

### III.CONCLUSION

For the foregoing reasons, the Court determines that a stay should issue in this case. Accordingly,

IT IS ORDERED:

1.      The part of the unopposed Litson Motion, Filing 250, seeking a stay of sentencing and all related deadlines pending the Eighth Circuit's resolution of Nolde's interlocutory appeal is granted;

2.      The part of the Litson Motion, Filing 250, seeking Litson PLLC's conditional withdrawal as counsel and the Rater Motion, Filing 252, seeking Rater's conditional withdrawal as counsel are denied as moot.

Dated this 18th day of June, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge